Filed 6/21/24  M.F. v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| M.F., | C100545 |
| Petitioner, | (Super. Ct. No. 23JV3270301) |
| v. | |
| THE SUPERIOR COURT OF SHASTA COUNTY, | |
| Respondent; | |
| SHASTA COUNTY HEALTH AND HUMAN SERVICES AGENCY et al., | |
| Real Parties in Interest. | |

Petitioner M.F. (father) petitions for extraordinary relief pursuant to California Rules of Court, rule 8.452.  Father seeks review of the juvenile court's disposition

1

denying family reunification services and setting a selection and implementation hearing under Welfare and Institutions Code section 366.26 (statutory section citations that follow are to the Welfare and Institutions Code). He argues that the juvenile court improperly bypassed him for reunification services under section 361.5, subdivision (b)(10) because there was insufficient evidence that the issues bringing the minor before the court were sufficiently similar to the issues in the previous sibling dependency case. The Shasta County Health and Human Services Agency (Agency) did not file a preliminary response, and finding plausible merit in the petition, we issued an order to show cause. Because the order denying reunification services was supported by sufficient evidence, we deny the petition.

## FACTS AND HISTORY OF THE PROCEEDINGS

This writ petition originates from a petition filed on October 24, 2023, under section 300. The petition alleged that the infant minor, P.F. (born October 2023), came within the provision of section 300, subdivision (b), failure to protect, and section 300, subdivision (j), abuse of sibling. Both the minor and her mother, C.C., tested positive for methamphetamine at the minor's birth. The investigating social worker interviewed mother, who admitted to having a heroin addiction and using methamphetamine. Father admitted that he knew mother used drugs during her pregnancy but initially denied that he had any substance abuse issues. When the social worker asked father to take a drug test, he admitted that he "hit a vape pen" that had "chunks of dope in it." He refused to take a drug test. The petition alleged that both mother and father had unresolved substance abuse issues that placed the minor at risk of harm. As to father, it was further alleged that he had domestic violence issues and had a child in an open child welfare case but did not engage in services or visits. Finally, as to the abuse of sibling allegations, it was alleged that the paternal half-sibling, J.F., had suffered abuse and neglect due to

2

father's inability to provide safe and adequate housing for the child, which placed P.F. at the same risk of harm.

At the October 25, 2023, detention hearing, the juvenile court ordered that the minor be detained. The court adopted findings and orders that included "services which could facilitate return," including substance abuse treatment for both mother and father.

The Agency filed a disposition report on November 20, 2023, recommending that both mother and father be bypassed for reunification services under section 361.5, subdivision (b)(10). The Agency noted that, "it is not in the best interest of the child based on the parents' continued substance use, and the fact that they have other children not in their care due to the similar issues." The Agency's proposed findings and orders included findings that father failed to participate in drug testing, had not attempted to use services, and failed to reunify in J.F.'s case. On this basis, the Agency proposed the juvenile court find that father had made no progress toward alleviating or mitigating the causes necessitating removal of the minor and placement outside the home.

In an amended jurisdictional report, filed November 27, 2023, the Agency included copies of all prior child welfare referrals and the factual and procedural history of half-sibling J.F.'s dependency case. As to J.F.'s case, on December 13, 2019, the Agency responded to sexual abuse allegations by J.F. and found that the home where father and J.F. resided had holes in the floor and ceiling, no running water, and was littered with piles of trash, debris, animal feces, and old rotten food. The investigative narrative noted reports from family members that father was actively using methamphetamine. J.F. was detained on December 13, 2019, and the Agency filed a petition pursuant to section 300, subdivision (b), alleging father was "unable or unwilling to provide safe and adequate living environment for the children in his care," and noting father's history of child welfare referrals for "general neglect." The juvenile court subsequently detained J.F. and, in its findings and order, listed substance abuse assessment and treatment and random testing as "services which could facilitate return"

3

of J.F. to father. Additionally, at the Agency's request, father was ordered to drug test immediately after court; he tested positive for opiates. At the combined jurisdictional and dispositional hearing, the court found that father had made "no progress" toward alleviating or mitigating the causes necessitating placement of J.F. and noted that father's case plan reunification services included a complete drug and alcohol assessment as well as any recommended treatment. Father failed to engage in services throughout the reunification period, and the court terminated reunification services at the March 26, 2021, 12-month status review hearing.

Prior to the jurisdictional hearing in the case at hand, the Agency filed an addendum report stating that father had not drug tested as requested and was dropped from parent engagement course for failure to attend. At the February 20, 2024, contested jurisdictional hearing, the juvenile court found that the allegations of the petition were true.

At the February 23, 2024, contested dispositional hearing, father's counsel opposed the recommendation to bypass him for reunification services, arguing that there was "an entirely different scenario for the reasoning for detention" in the prior case, namely unsanitary living conditions, and the bypass provision of section 361.5, subdivision (b)(10) therefore did not apply to him. Counsel for the Agency responded that father had not made any subsequent efforts to remedy the factors leading to termination of reunification services in the prior case because just as in the prior case, father had not engaged in services, failed to drug test, had no contact with the social worker, and had minimal visitation with the minor. At the conclusion of the hearing, the juvenile court adopted the Agency's proposed findings and orders attached to the social worker's disposition report and denied services to both mother and father. The court found that father was offered reunification services as to the paternal half-sibling, J.F., and failed to reunify. The court also found that father had not drug tested or engaged in services in the present matter.

4

Father timely filed a notice of intent to file a writ petition.

## DISCUSSION

By this petition, father seeks review of the juvenile court's order bypassing family reunification services and setting a permanency planning hearing. Pursuant to California Rules of Court, rule 8.452, this court issued an order to show cause why the relief prayed for in father's petition should not be granted and, at our request, received a response to the petition by the Agency. As we explain, we conclude that the juvenile court's order denying services under section 361.5 is supported by substantial evidence.

When a child is removed from a parent's custody, the parent generally must be provided with family reunification services. (§ 361.5, subd. (a); *In re Lana S.* (2012) 207 Cal.App.4th 94, 106.) There are "narrowly specified exceptions" to this rule, however (*In re Lana S.*, at p. 106), as set out in section 361.5, subdivision (b). The application of these exceptions in the juvenile court is subject to a clear and convincing standard of proof. (*In re Lana S.*, at p. 106.) "As relevant here, services may be denied if the [juvenile] court finds by clear and convincing evidence either '[t]hat the court ordered termination of reunification services for any . . . siblings of the child because the parent . . . failed to reunify with the . . . sibling[s] after the . . . sibling had been removed from that parent . . . and that, according to the findings of the court, this parent . . . has not subsequently made a reasonable effort to treat the problems that led to removal of the . . . sibling of that child from that parent . . . .' or '[t]hat the parental rights of a parent over any . . . sibling of the child had been permanently severed, and this parent is the same parent described in [section 361.5,] subdivision (a), and that, according to the findings of the court, this parent has not subsequently made a reasonable effort to treat the problems that led to removal of the . . . sibling of that child from the parent.' (§ 361.5, subd. (b)(10) & (11).)" (*K.C. v. Superior Court* (2010) 182 Cal.App.4th 1388, 1393.)

We review the juvenile court's order denying reunification services under section 361.5, subdivision (b) for substantial evidence. (*R.T. v. Superior Court* (2012) 202 Cal.App.4th 908, 913-914 & fn. 3; *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 995-996 ["[W]hen reviewing a finding that a fact has been proved by clear and convincing evidence, the question before the appellate court is whether the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable that the fact was true"].)

Father contends the required connection between the prior and current reasons for removal are not present in this case because the jurisdictional allegations relating to father in half-sibling J.F.'s case were based on his inability to provide a safe and adequate living environment, and the jurisdictional allegations relating to father in the minor P.F.'s case were due to substance abuse and domestic violence. He argues that a safe and adequate living environment was not an ongoing concern in the instant case and that, although substance abuse services were ordered in half-sibling J.F.'s case, the Agency had not alleged a separate count that father was unable to care for J.F. as a result of his substance abuse. Thus, he essentially argues that the Agency's decision not to separately allege father's failure or inability to provide regular care due to substance abuse for J.F. and, likewise, for the minor, results in a failure of proof that father received services in the prior case for the problems manifest in the present case.

There is, however, no requirement that the " 'problems that led to removal' " must be alleged in the prior petitions resulting in removal. (*In re Lana S., supra,* 207 Cal.App.4th at p. 108.) As explained in *In re Lana S.*, it is sufficient if the problem preventing reunification was a "substantial component" of the previous service plan. (*Ibid.*) Thus, in *In re Lana S.*, mother's drug abuse could be considered, even though it had not been alleged in previous petitions. (*Ibid.*)

Here, the Agency did present other evidence that father's substance abuse was, at least in part, a basis for half-sibling J.F.'s continued removal and it established that the

substance abuse services he was provided were a substantial component of his case plan. The Agency submitted a detention report, a combined jurisdiction/disposition report, addendum reports, attachments to those reports, and the juvenile court's orders in J.F.'s case to establish the problems that had led to the removal and/or continued removal of J.F., and father's efforts (or lack thereof) in treating those problems. There, the investigative narrative reported that father was actively using methamphetamine. In its detention orders, the juvenile court found that "services which could facilitate return" of J.F. to father included substance abuse assessment and treatment and random testing. Additionally, the Agency requested that father drug test immediately after court, and father tested positive for opiates. At the dispositional hearing, the court found father had made "no progress" toward alleviating or mitigating the causes necessitating placement of J.F. and noted that father's case plan reunification services included a complete drug and alcohol assessment as well as any recommended treatment. The court terminated father's services in J.F.'s case because he failed to engage in services during the reunification period.

The interim case plan services offered the minor's and the half-sibling J.F.'s cases are almost identical: both contain parenting classes and substance abuse assessment and treatment. Father never engaged in the services in J.F.'s case. He did not engage in the nearly identical interim case plan services and drug testing orders from the minor's detention to the jurisdiction and disposition hearing. He thus made no progress to remedying his substance abuse issues in either case.

We conclude that the evidence supports the finding that father's untreated substance abuse issues were similarly at the root of both his failure to reunify with half-sibling J.F. and the problems manifest and necessitating removal in the instant matter. (*Conservatorship of O.B.*, *supra*, 9 Cal.5th at pp. 995-996.) Father suffers from substance abuse issues that interfere with his ability to parent the minor and that prevented him from reunifying with half-sibling J.F. Because we find present the

7

requisite connection of *problems* between the previous case involving half-sibling J.F. and this one, supporting the bypass of reunification services pursuant to section 361.5, subdivision (b)(10), we deny father's petition for extraordinary relief.

DISPOSITION

The petition for extraordinary relief is denied. Having served its purpose, the stay previously issued by this court on April 22, 2024, is vacated upon finality of this opinion. This decision is final forthwith as to this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).)

 

_____
HULL, P. J.

We concur:

_____
ROBIE, J.

_____
RENNER, J.